```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

       - against -                  :    MEMORANDUM DECISION
                                         07 Cr. 1143 (DC)
TROY KING,                          :

                 Defendant.         :

- - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-20-2012

**APPEARANCES:**   TROY KING
                   Petitioner Pro Se
                   89 McIntosh Court
                   Malverne, New York  11565

                   PREET BHARARA, Esq.
                   United States Attorney for the
                   Southern District of New York
                        By:  Rosemary Nidiry, Esq.
                             Assistant United States Attorney
                   One St. Andrew's Plaza
                   New York, New York  10007
                   Attorneys for United States of America

**CHIN, Circuit Judge**

On December 6, 2011, defendant Troy King, proceeding pro se, submitted a request for early termination of his term of probation. On January 25, 2012, the government submitted a letter opposing King's request. For the reasons that follow, King's request for early termination of his term of probation is granted.

## BACKGROUND

King was arrested on December 5, 2007 for offenses related to the smuggling of counterfeit goods. (PSR at 1-2). He was released the same day under pretrial supervision. (Id.). I accepted King's guilty plea on February 20, 2009, entered into before Magistrate Judge James C. Francis on February 10, 2009. King pled guilty to one count of conspiracy to smuggle and traffic in counterfeit goods and one count of smuggling counterfeit goods in the United States, in violation of 18 U.S.C. §§ 371, 545.

King is a Gulf War veteran. (PSR ¶ 127). He joined the U.S. Army in 1988 and served in Saudi Arabia, Kuwait, and Iraq in 1990. (Id.). During his deployment, King participated in active combat, witnessed multiple casualties, and was profoundly affected by the trauma of war. (PSR Add. at 43). He was honorably discharged in 1992. (PSR ¶¶ 127, 134). Since then, King has been diagnosed with, inter alia, post-traumatic stress disorder ("PTSD"). (Id. ¶ 127). At the time of sentencing, two of King's physicians advised that incarceration would be "counterproductive" and would worsen King's health. (Id. ¶ 128-30).

Although King faced a guideline range of 87 to 108 months' imprisonment, the Probation Office recommended a non-guideline sentence of 5 years of probation in part because of King's health-related challenges. (PSR Add. at 43). On August 12, 2009, I adopted the Probation Office's recommendation and sentenced King to a 5-year term of probation.

## DISCUSSION

A court, "after considering the [applicable] factors set forth in [18 U.S.C.] § 3553(a)[,] . . . may terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). The factors set forth in § 3553(a) include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed. 18 U.S.C. § 3553(a). Early termination of probation is granted "occasionally," and in light of "changed circumstances," including "exceptionally good behavior." United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) (termination of supervised release); see also United States v. Herrera, No. 94 CR

1021, 1998 WL 684471, at *2 (S.D.N.Y. Sept. 30, 1998) (termination of probation).

For the following reasons, I find that early termination of probation is warranted in this case. See 18 U.S.C. § 3564(c).

First, King has been in full compliance with the conditions of his probation. While compliance by itself is insufficient to warrant early termination, see United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998), in this case, there is more.

Second, King was arrested on December 5, 2007 and sentenced on August 12, 2009. Hence, he was under pre-trial supervision for 1 year and 8 months. During that time, he was in full compliance with the terms of his supervision. In essence, King has been under supervision and fully compliant for a total of over 4 years and 4 months.

Third, King has been more than merely compliant: his compliance has been exceptional, and not one issue has been brought to the Court's attention in more than 4 years and 4 months. King has made significant progress in his rehabilitation efforts, seeking treatment and addressing his health-related challenges.

Fourth, the context is important. King is a Gulf War veteran. He served his country and suffered because of it; indeed, he is still paying the consequences. King's criminal conduct is the only blemish in his record. These are all mitigating factors.

Finally, in the unusual circumstances of this case, I am persuaded that termination of King's probation would enhance his efforts to rehabilitate himself and to recover from the adverse health consequences of his service to this country.

Under all the circumstances, the Court is satisfied that early termination of King's probation is in the interest of justice. Accordingly, King's request for early termination of his probation is granted, and his term of probation is terminated as of 14 days from today.

SO ORDERED.

Dated: New York, New York
April 20, 2012

DENNY CHIN
United States Circuit Judge
Sitting by Designation